```
                                              FILED
                                           Dec 07 2023
                                       CLERK, U.S. DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA
                                    BY    s/ GloriaVocal    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| UNITED STATES OF AMERICA, | Case No. '23 CR2507 WQH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 1344(2) — Bank Fraud; Title 18, U.S.C., Sec. 1028A — Aggravated Identity Theft; Title 18, U.S.C., Secs. 981(a)(1) and 982(a)(2), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| CARLOS MANUEL DA SILVA SANTOS (1), aka Carlos Santos, ETHOS ASSET MANAGEMENT INC., (2), | |
| Defendants. | |

The grand jury charges:

At all relevant times to this Indictment:

1.  Defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos was a citizen of Portugal.

2.  Defendant ETHOS ASSET MANAGEMENT, INC. ("ETHOS ASSET MANAGEMENT") was a California corporation with its principal place of business at 4660 La Jolla Village Drive, San Diego, California located in the Southern District of California. ETHOS ASSET MANAGEMENT was the successor of ETHOS ASSET MANAGEMENT LLC, a limited liability company

ECB:cms:San Diego:12/6/23

headquartered in San Diego, California, located in the Southern District of California.

3. Defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos was the chief executive officer, secretary, and chief financial officer of defendant ETHOS ASSET MANAGEMENT.

4. Co-Conspirator 1 was a United States citizen living in California. Co-Conspirator 1 was the chairman and chief executive officer of Co-Conspirator Company 1.

5. U.S. Financial Institution 1 is a bank insured by the Federal Deposit Insurance Corporation and headquartered in California.

6. Victim 1 was a company doing business in New York.

7. Victim 2 was a company doing business in Texas.

8. Victim 3 was a company doing business in Maryland and the District of Columbia.

## Count 1

[Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349]

9. Paragraphs 1 through 8 of the Indictment are re-alleged and incorporated by reference.

10. Beginning on a date unknown to the grand jury and continuing to at least November 12, 2023, in the Southern District of California and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, and others knowingly and with intent to defraud, devised a material scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions and concealment of material facts, and caused use of the wires in furtherance of the scheme.

A. <u>Object of the Conspiracy</u>

11. It was the object of the conspiracy that defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ETHOS ASSET MANAGEMENT, and others would unjustly enrich themselves by inducing prospective borrowers to enter into project finance loan agreements with ETHOS ASSET MANAGEMENT, which required said borrowers to provide upfront collateral funds and margin accounts for the benefit of ETHOS ASSET MANAGEMENT (the "upfront fee").

B. <u>The Scheme to Defraud</u>

12. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, and others hold ETHOS ASSET MANAGEMENT out to the public as a "Full-service Project Financing" company that offers loans to companies in exchange for an upfront fee in the form of either (1) a collateral deposit into a securities account in an amount equal to a percentage of the total loan value; (2) a standby letter of credit in an amount equal to a percentage of the total loan value; or (3) a direct transfer of money in an amount equal to a percentage of the total loan value. Where a prospective borrower used a standby letter of credit or placed the upfront fee in a securities account, CARLOS MANUEL DA SILVA SANTOS would obtain a margin on the upfront fee and cause the margin to be wired to a bank account controlled by defendant ETHOS ASSET MANAGEMENT.

13. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ETHOS ASSET MANAGEMENT, and others told prospective borrowers that defendant ETHOS ASSET MANAGEMENT used the upfront fees to invest in brokerage accounts controlled by its "proprietary algorithm" that "maneuvers and alerts in line with 'enter and exit positions'." In truth and in fact, ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS

did not have a proprietary algorithm and instead used the upfront fees to enrich themselves and pay back other borrowers they had defrauded.

14. In order to effect this illegal scheme, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, and others, made materially false, fraudulent, misleading and deceptive representations to prospective borrowers in order to induce them to, among other things: (a) enter into a contractual agreement with ETHOS ASSET MANAGEMENT to finance business projects; (b) pay ETHOS ASSET MANAGEMENT an upfront fee in the form of a collateral "pledge" deposit or issuance of a standby letter of credit; (c) delay or refrain from terminating their relationship with ETHOS ASSET MANAGEMENT when requested funding did not materialize; and (d) refrain from requesting a refund of the upfront deposit.

15. The materially false, fraudulent, misleading, and deceptive representations made by CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ETHOS ASSET MANAGEMEANT, and others, concerned, among other things: (a) the nature of ETHOS ASSET MANAGEMENT's history of funding projects or ability to obtain financing; (b) the source of ETHOS ASSET MANAGEMENT's funding; (c) the capital available to ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos;, and (d) the use of upfront fees.

C. <u>Manner and Means</u>

16. To induce prospective borrowers to pay ETHOS ASSET MANAGEMENT upfront fees, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT made and caused others to make material fraudulent, false, misleading, and deceptive representations concerning ETHOS ASSET MANAGEMENT's finances and history of successfully funding business projects.

17. As part of the scheme to defraud, defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT fraudulently represented that he and ETHOS ASSET MANAGEMENT were worth hundreds of millions of dollars. However, in truth and in fact, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT were not worth hundreds of millions of dollars. Specifically, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT made false documents—such as forged bank account statements, altered brokerage account statements, and fake annual financial statements for ETHOS ASSET MANAGEMENT—to make it appear that ETHOS ASSET MANAGEMENT had hundreds of millions of dollars deposited, invested, or otherwise available to fund loans. CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, sent these false documents to prospective borrowers and financial institutions in furtherance of his scheme to defraud.

18. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT made additional material fraudulent, false, misleading, and deceptive representations to U.S. financial institutions to obtain loans and lines of credit.

19. In furtherance of the scheme, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos directed Co-Conspirator 1 to speak with prospective borrowers who were conducting due diligence on defendant ETHOS ASSET MANAGEMENT. CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos directed Co-Conspirator 1 to make false, misleading, and deceptive representations about the business relationship between Co-Conspirator Company 1 and ETHOS ASSET MANAGEMENT to induce prospective borrowers to do business with ETHOS ASSET MANAGEMENT.

20. In furtherance of the scheme and to avoid or delay the repayment of fraudulently obtained upfront fees, defendant ETHOS ASSET

1  MANAGEMENT caused an attorney to authenticate and file false financial
2  documents in U.S. federal court.
3    D. Overt Acts
4    21.  The following overt acts in furtherance of the conspiracy,
5  among others, were committed within the Southern District of California,
6  and elsewhere:
7        a.  On April 12, 2021, defendant CARLOS MANUEL DA SILVA
8  SANTOS, aka Carlos Santos sent an email to Co-Conspirator 1 directing
9  what Co-Conspirator 1 should tell prospective borrowers.
10       b.  On or about April 22, 2021, at the request of defendant
11 CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, on a recorded video
12 conference Co-Conspirator 1 told prospective borrowers that Co-
13 Conspirator Company 1 had financed over $1 Billion worth of projects
14 with defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and
15 ETHOS ASSET MANAGEMENT. However, in truth and in fact, Co-Conspirator
16 Company 1 and Co-Conspirator 1 had never financed any business project
17 with CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos and ETHOS ASSET
18 MANAGEMENT.
19       c.  On or about August 9, 2021, defendant CARLOS MANUEL DA
20 SILVA SANTOS, aka Carlos Santos sent an email to Victim 1 on which he
21 attached a fraudulent bank account statement for defendant ETHOS ASSET
22 MANAGEMENT's account at Citibank N.A. purporting to show that ETHOS
23 ASSET MANAGEMENT had $100,304,447.46. However, in truth and in fact,
24 ETHOS ASSET MANAGEMENT's Citibank N.A. account had a balance less than
25 $1 million. This caused Victim 1 to deposit a $1 million upfront fee
26 into a securities account and extend a $650,000 margin to ETHOS ASSET
27 MANAGEMENT.
28

        d.    On or about March 29, 2021, one of defendant CARLOS MANUEL DA SILVA SANTOS's, aka Carlos Santos, unindicted co-conspirators emailed Victim 2 a fraudulent bank statement dated March 25, 2021, falsely showing that defendant ETHOS ASSET MANAGEMENT had $495,799,652.23 on deposit in a Wells Fargo Bank account. In truth, the relevant Wells Fargo Bank account never had that amount of money; in March 2021 the account had a beginning balance of $46,621.55 and ending balance of $25,900.10.

        e.    In reliance on this false representation, Victim 2 entered into a $4 million loan agreement with defendants ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos. As part of the agreement, Victim 2 deposited a $1 million upfront fee into a securities account and extended a $650,000 margin to ETHOS ASSET MANAGEMENT. CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos and ETHOS ASSET MANAGEMENT did not provide a $4 million loan to Victim 2.

        f.    On or about May 11, 2023, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos sent a fraudulent document titled "ETHOS ASSET MANAGEMENT INC. Annual Financial Statements for the year ended 31 December 2022" to Victim 3 for the purpose of luring Victim 3 into paying an upfront fee. The annual financial statement represented that ETHOS ASSET MANAGEMENT had over $2.2 billion in total assets and was purportedly signed and compiled by a bookkeeping services and tax preparation company located in the Southern District of California. However, in truth and in fact, "ETHOS ASSET MANAGEMENT INC. Annual Financial Statements for the year ended 31 December 2022" was not actually signed and compiled by the bookkeeping services and tax preparation company located in the Southern District of California.

g. On May 11, 2023, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos sent fraudulent brokerage account statements to Victim 3 that falsely inflated the value of defendant ETHOS ASSET MANAGEMENT's investments. Specifically, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos sent to Victim 3 a fraudulent brokerage account statement for a purported ETHOS ASSET MANAGEMENT foreign exchange trading account at Oanda Corporation with a $359,001,009.01 balance that was under the apparent management of Co-Conspirator Company 1. However, the referenced account number was not an Oanda Corporation account associated with ETHOS ASSET MANAGEMENT or Co-Conspirator Company 1. Victim 3 paid ETHOS ASSET MANAGEMENT an upfront fee more than $8 million.

h. On or about October 22, 2022, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos submitted fraudulent documents to U.S. Financial Institution 1 to obtain a $14.8 million line of credit.

i. On or about November 9, 2023, defendant ETHOS ASSET MANAGEMENT caused an attorney to authenticate under oath a false balance sheet and file it in the United States District Court for the Southern District of New York.

j. On or about November 6, 2019, and to facilitate this fraudulent scheme, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos opened a bank account at Wells Fargo Bank in Pacific Beach, California, located in the Southern District of California. All in violation of Title 18 United States Code, Section 1349.

## Counts 2-4

[Wire Fraud - 18 U.S.C. § 1343]

22. Paragraphs 1 through 21 of the Indictment are re-alleged and incorporated by reference.

23. Beginning on a date unknown and continuing to at least November 12, 2023, within the Southern District of California and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of a false and fraudulent pretenses, representations, and promises, and for the purpose of executing a scheme for obtaining money by means of false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of a wire communication into interstate commerce certain writings, signs, signals, and pictures as more particularly described in the following table:

| Count | Date | Interstate Wire |
|---|---|---|
| 2 | August 12, 2021 | A $650,000 interstate wire paid to the benefit of Ethos Asset Management, Inc. |
| 3 | September 10, 2021 | A $650,00 interstate wire paid to the benefit of Ethos Asset Management, Inc. |
| 4 | May 18, 2023 | A $8,030,000 interstate wire paid to the benefit of Ethos Asset Management, Inc. |

All in violation of Title 18, United States Code, Section 1343.

<u>Count 5</u>

[Bank Fraud – 18 U.S.C. § 1344(2)]

24. Paragraphs 1 through 23 of the Indictment are re-alleged and incorporated by reference.

25. Beginning on or about October 22, 2022 and through at least July 25, 2023, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, in the Southern District of California and elsewhere, did knowingly execute a scheme and artifice to obtain moneys, funds, credits, asset, securities, and other property owned by, and under the custody and control of U.S. Financial Institution

1, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2).

## Counts 6-7

[Aggravated Identity Theft – 18 U.S.C. § 1028A]

26. Paragraphs 1 through 25 of the Indictment are re-alleged and incorporated by reference.

27. On or about May 11, 2023, in the Southern District of California and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the signature of C.T., a known victim, during and in relation to the commission of felony violations enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Wire Fraud, Wire Fraud, and Bank Fraud.

| Count | Description |
|---|---|
| 6 | Forged signature of C.T. sent to U.S. Financial Institution 1. |
| 7 | Forged signature of C.T. sent to representative of Victim 3. |

All in violation of Title 18, United States Code, Section 1028A.

## Forfeiture Allegation

28. The allegations contained in Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

29. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, 1344, and 1349 set forth in Counts 1-5 of this Indictment, the defendants, CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT, shall forfeit to the United States of

America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

    a. $4,032,081.85 in U.S. currency seized on September 29, 2023 from Bank of America;

    b. $1,989,805.97 in U.S. currency seized on September 28, 2023 from Comerica Bank;

    c. The domain www.ethosasset.com seized on November 20, 2023;

    d. All money, funds, and credits on deposit at Türkiye İş Bankasi A.Ş in the name of defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT;

    e. All money, funds, and credits on deposit at Banco BS2 SA, ITAU Unibanco, and Banco XP SA in the name of Ethos Capital Brasil Ltda.

    f. All money, funds, and credits on deposit at Caixa Economica Montepio Geral, Abanca Corporacion, and Caixa Geral de Depositos in the name of defendant CARLOS MANUEL DA SILVA SANTOS and IHNC Advisory;

    g. All money, funds, and credits on deposit at Flagstar Bank in the name of defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT;

    h. All money, funds, and credits on deposit at East West Bank in the name of defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT.

30. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

```
                    e. has been commingled with other property which cannot be
                       divided without difficulty,
the United States of America shall be entitled to forfeiture of
substitute property pursuant to Title 21, United States Code, Section
853(p), as incorporated by Title 28, United States Code, Section
2461(c).
        DATED: December 7, 2022.
```



```
TARA K. MCGRATH
United States Attorney

By:    /s/ C. Beeler
     E. CHRISTOPHER BEELER
     CARL F. BROOKER, IV
     Assistant U.S. Attorneys
```