FILED
Mar 28 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ RC   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CARLOS MANUEL DA SILVA SANTOS (1), aka Carlos Santos, ETHOS ASSET MANAGEMENT INC. (2), ELIAS ACHILLEOS (3), ASSETVEST CORP (4), Defendants. | Case No. 23CR2507-WQH  I N D I C T M E N T (Superseding)  Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 1344 – Bank Fraud; Title 18, U.S.C., Sec. 1028A – Aggravated Identity Theft; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Sec. 371 – Conspiracy to Operate an Unlicensed Money Transmission Business; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(a)(2), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The Grand Jury charges:

PERSONS and ENTITIES

At all relevant times to this Indictment:

1. Defendant CARLOS MANUEL DA SILVA SANTOS was a citizen of Portugal.

2. Defendant ETHOS ASSET MANAGEMENT, INC. ("ETHOS ASSET MANAGEMENT") was a California corporation with its principal place of business at 4660 La Jolla Village Drive, San Diego, California located

ECB:CFB:nlv:San Diego:3/28/24

1 in the Southern District of California. ETHOS ASSET MANAGEMENT was the successor of ETHOS ASSET MANAGEMENT LLC, a limited liability company headquartered in San Diego, California, located in the Southern District of California.

3. Defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos was the chief executive officer, secretary, and chief financial officer of defendant ETHOS ASSET MANAGEMENT.

4. Defendant ELIAS ACHILLEOS was the chief risk officer of defendant ETHOS ASSET MANAGEMENT and a citizen of the United Kingdom.

5. Defendant ASSETVEST CORP is a Wyoming corporation doing business in Virginia.

6. Co-Conspirator 1 was a United States citizen living in California. Co-Conspirator 1 was the chairman and chief executive officer of Co-Conspirator Company 1.

7. Co-Conspirator 2 was a United States citizen living in Virginia. Co-Conspirator 2 was the sole owner of defendant ASSETVEST CORP.

8. U.S. Financial Institution 1 is a bank insured by the Federal Deposit Insurance Corporation and headquartered in California.

9. Victim 1 was a company doing business in New York.

10. Victim 2 was a company doing business in Texas.

11. Victim 3 was a company doing business in Maryland and the District of Columbia.

## Count 1

[Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349]

12. Paragraphs 1 through 11 of the Superseding Indictment are re-alleged and incorporated by reference.

13. Beginning on a date unknown to the grand jury and continuing to at least November 12, 2023, within the Southern District of California, and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ETHOS ASSET MANAGEMENT INC., and ELIAS ACHILLEOS, together with each other and other persons, knowingly and intentionally combined, conspired, confederated, and agreed to violate Title 18, United States Code, Section 1343, that is, to knowingly devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions and concealment of material facts, and caused use of interstate wires in furtherance of the scheme.

A. Object of the Conspiracy

14. It was the object of the conspiracy that defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT, and others would unjustly enrich themselves by inducing prospective borrowers to enter into project finance loan agreements with ETHOS ASSET MANAGEMENT, which required said borrowers to provide upfront collateral funds and margin accounts for the benefit of ETHOS ASSET MANAGEMENT (the "upfront fee").

B. The Scheme to Defraud

15. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT, and others hold ETHOS ASSET MANAGEMENT out to the public as a "Full-service Project Financing" company that offers loans to companies in exchange for an upfront fee in the form of either (1) a collateral deposit into a securities account in an amount equal to a percentage of the total loan value; (2) a standby letter of credit in an amount equal to a percentage of the total loan

value; or (3) a direct transfer of money in an amount equal to a percentage of the total loan value. Where a prospective borrower used a standby letter of credit or placed the upfront fee in a securities account, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, would obtain a margin on the upfront fee and cause the margin to be wired to a bank account controlled by defendant ETHOS ASSET MANAGEMENT.

16. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT, and others told prospective borrowers that defendant ETHOS ASSET MANAGEMENT used the upfront fees to invest in brokerage accounts controlled by its "proprietary algorithm" that "maneuvers and alerts in line with 'enter and exit positions'." In truth and in fact, ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS did not have a proprietary algorithm and instead used the upfront fees to enrich themselves and pay back other borrowers they had defrauded.

17. In order to effect this illegal scheme, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT, and others, made materially false, fraudulent, misleading and deceptive representations to prospective borrowers in order to induce them to, among other things: (a) enter into a contractual agreement with ETHOS ASSET MANAGEMENT to finance business projects; (b) pay ETHOS ASSET MANAGEMENT an upfront fee in the form of a collateral "pledge" deposit or issuance of a standby letter of credit; (c) delay or refrain from terminating their relationship with ETHOS ASSET MANAGEMENT when requested funding did not materialize; and (d) refrain from requesting a refund of the upfront deposit.

18. The materially false, fraudulent, misleading, and deceptive representations made by CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, ETHOS ASSET MANAGEMEANT, and others, concerned, among other things: (a) the nature of ETHOS ASSET MANAGEMENT's history of funding projects or ability to obtain financing; (b) the source of ETHOS ASSET MANAGEMENT's funding; (c) the capital available to ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS; and (d) the use of upfront fees.

C. <u>Manner and Means</u>

19. To induce prospective borrowers to pay ETHOS ASSET MANAGEMENT upfront fees, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT made and caused others to make material fraudulent, false, misleading, and deceptive representations concerning ETHOS ASSET MANAGEMENT's finances and history of successfully funding business projects.

20. As part of the scheme to defraud, defendants CARLOS MANUEL DA SILVA SANTOS, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT fraudulently represented that CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT were worth hundreds of millions of dollars. However, in truth and in fact, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT were not worth hundreds of millions of dollars. Specifically, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT made false documents—such as forged bank account statements, altered brokerage account statements, and fake annual financial statements for ETHOS ASSET MANAGEMENT—to make it appear that ETHOS ASSET MANAGEMENT had hundreds of millions of dollars deposited, invested, or otherwise available to fund loans. CARLOS MANUEL

DA SILVA SANTOS sent these false documents to prospective borrowers and financial institutions in furtherance of his scheme to defraud.

21. Defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ELIAS ACHILLEOS, and ETHOS ASSET MANAGEMENT made additional material fraudulent, false, misleading, and deceptive representations to U.S. financial institutions to obtain loans and lines of credit.

22. In furtherance of the scheme, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, directed Co-Conspirator 1 to speak with prospective borrowers who were conducting due diligence on defendant ETHOS ASSET MANAGEMENT. CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, directed Co-Conspirator 1 to make false, misleading, and deceptive representations about the business relationship between Co-Conspirator Company 1 and ETHOS ASSET MANAGEMENT to induce prospective borrowers to do business with ETHOS ASSET MANAGEMENT.

23. In furtherance of the scheme and to avoid or delay the repayment of fraudulently obtained upfront fees, defendant ETHOS ASSET MANAGEMENT caused an attorney to authenticate and file false financial documents in U.S. federal court.

24. In furtherance of the scheme, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ELIAS ACHILLEOS agreed on or about June 29, 2020, that part of the criminal conspiracy included causing borrowers to litigate with ETHOS ASSET MANAGEMENT because litigation would "delay" payment of funds and help enable ETHOS ASSET MANAGEMENT to pay borrowers "less than agreed." CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, described this scheme as "the Ethos Model" and ELIAS ACHILLEOS responded, "Basically the first client will be hell but bring us heaven."

D. <u>Overt Acts</u>

25. The following overt acts in furtherance of the conspiracy, among others, were committed within the Southern District of California, and elsewhere:

    a. On or about April 12, 2021, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, sent an email to Co-Conspirator 1 directing what Co-Conspirator 1 should tell prospective borrowers.

    b. On or about April 22, 2021, at the request of defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, on a recorded video conference Co-Conspirator 1 told prospective borrowers that Co-Conspirator Company 1 had financed over $1 Billion worth of projects with defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT. However, in truth and in fact, Co-Conspirator Company 1 and Co-Conspirator 1 had never financed any business project with CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT.

    c. On or about July 24, 2021, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ELIAS ACHILLEOS exchanged WhatsApp messages in which they discussed how to present a fake bank statement to prospective borrowers that showed ETHOS ASSET MANAGEMENT having $100,304,447.46 on deposit in an account at Citibank.

    d. On or about August 9, 2021, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos sent an email to Victim 1 and ELIAS ACHILLEOS on which he attached a fraudulent bank account statement for defendant ETHOS ASSET MANAGEMENT's account at Citibank N.A. purporting to show that ETHOS ASSET MANAGEMENT had $100,304,447.46. However, in truth and in fact, ETHOS ASSET MANAGEMENT's Citibank N.A. account had a

balance less than $1 million. This caused Victim 1 to deposit a $1 million upfront fee into a securities account and extend a $650,000 margin to ETHOS ASSET MANAGEMENT.

   e. On or about March 29, 2021, one of defendant CARLOS MANUEL DA SILVA SANTOS's, aka Carlos Santos, unindicted co-conspirators emailed Victim 2 a fraudulent bank statement dated March 25, 2021, falsely showing that defendant ETHOS ASSET MANAGEMENT had $495,799,652.23 on deposit in a Wells Fargo Bank account. In truth, the relevant Wells Fargo Bank account never had that amount of money; in March 2021 the account had a beginning balance of $46,621.55 and ending balance of $25,900.10.

   f. In reliance on this false representation, Victim 2 entered into a $4 million loan agreement with defendants ETHOS ASSET MANAGEMENT and CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos. As part of the agreement, Victim 2 deposited a $1 million upfront fee into a securities account and extended a $650,000 margin to ETHOS ASSET MANAGEMENT. CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT did not provide a $4 million loan to Victim 2.

   g. On or about May 11, 2023, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, sent a fraudulent document titled "ETHOS ASSET MANAGEMENT INC. Annual Financial Statements for the year ended 31 December 2022" to Victim 3 for the purpose of luring Victim 3 into paying an upfront fee. The annual financial statement represented that ETHOS ASSET MANAGEMENT had over $2.2 billion in total assets and was purportedly signed and compiled by a bookkeeping services and tax preparation company located in the Southern District of California. However, in truth and in fact, "ETHOS ASSET MANAGEMENT INC. Annual

Financial Statements for the year ended 31 December 2022" was not actually signed and compiled by the bookkeeping services and tax preparation company located in the Southern District of California.

  h. On or about May 11, 2023, defendant CARLOS MANUEL DA SILVA SANTOS sent fraudulent brokerage account statements to Victim 3 that falsely inflated the value of defendant ETHOS ASSET MANAGEMENT's investments. Specifically, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, sent to Victim 3 a fraudulent brokerage account statement for a purported ETHOS ASSET MANAGEMENT foreign exchange trading account at Oanda Corporation with a $359,001,009.01 balance that was under the apparent management of Co-Conspirator Company 1. However, the referenced account number was not an Oanda Corporation account associated with ETHOS ASSET MANAGEMENT or Co-Conspirator Company 1. Victim 3 paid ETHOS ASSET MANAGEMENT an upfront fee more than $8 million.

  i. On or about October 22, 2022, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, submitted fraudulent documents to U.S. Financial Institution 1 to obtain a $14.8 million line of credit.

  j. On or about November 9, 2023, defendant ETHOS ASSET MANAGEMENT caused an attorney to authenticate under oath a false balance sheet and file it in the United States District Court for the Southern District of New York.

  k. On or about November 6, 2019, and to facilitate this fraudulent scheme, defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos opened a bank account at Wells Fargo Bank in Pacific Beach, California, located in the Southern District of California.

  l. On or about June 30, 2022, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ELIAS ACHILLEOS exchanged WhatsApp

messages in which ELIAS ACHILLEOS agreed to review fraudulently altered bank statements that CARLOS MANUEL DA SILVA SANTOS had sent to him. All in violation of Title 18, United States Code, Section 1349.

## Counts 2-4

[Wire Fraud - 18 U.S.C. §§ 1343 & 2]

26. Paragraphs 1 through 25 of the Superseding Indictment are re-alleged and incorporated by reference.

27. Beginning on a date unknown to the grand jury and continuing to at least November 12, 2023, within the Southern District of California, and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of a false and fraudulent pretenses, representations, and promises, and for the purpose of executing a scheme for obtaining money by means of false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of a wire communication into interstate commerce certain writings, signs, signals, and pictures as more particularly described in the following table:

| Count | Date | Interstate Wire |
|---|---|---|
| 2 | August 12, 2021 | A $650,000 interstate wire paid to the benefit of Ethos Asset Management, Inc. |
| 3 | September 10, 2021 | A $650,000 interstate wire paid to the benefit of Ethos Asset Management, Inc. |
| 4 | May 18, 2023 | A $8,030,000 interstate wire paid to the benefit of Ethos Asset Management, Inc. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

Count 5

[Bank Fraud – 18 U.S.C. §§ 1344 and 2]

28. Paragraphs 1 through 27 of the Superseding Indictment are re-alleged and incorporated by reference.

29. Beginning on or about October 22, 2022 and through at least July 25, 2023, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, within the Southern District of California, and elsewhere, did knowingly execute a scheme and artifice to obtain moneys, funds, credits, asset, securities, and other property owned by, and under the custody and control of U.S. Financial Institution 1, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 and 2.

Counts 6-7

[Aggravated Identity Theft – 18 U.S.C. §§ 1028A & 2]

30. Paragraphs 1 through 29 of the Superseding Indictment are re-alleged and incorporated by reference.

31. On or about May 11, 2023, within the Southern District of California, and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, and ETHOS ASSET MANAGEMENT, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the signature of C.T., a known victim, during and in relation to the commission of felony violations enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Wire Fraud, Wire Fraud, and Bank Fraud.

| Count | Description |
|---|---|
| 6 | Forged signature of C.T. sent to U.S. Financial Institution 1. |
| 7 | Forged signature of C.T. sent to representative of Victim 3. |

All in violation of Title 18, United States Code, Sections 1028A and 2.

## Count 8
[Conspiracy to Operate an Unlicensed Money Transmission Business — 18 U.S.C. § 371]

32. Paragraphs 1 through 31 of the Superseding Indictment are re-alleged and incorporated by reference.

33. Beginning in or around April 2021 and continuing up to and including December 2022, within the Southern District of California and elsewhere, defendants CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, ETHOS ASSET MANAGEMENT, and ASSETVEST CORP, and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed among themselves to knowingly conduct the operations of, control, manage, supervise, direct, and own a money transmitting business affecting interstate and foreign commerce, which failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960.

A. Manner and Means

34. It was part of the conspiracy that defendants and others known and unknown to the Grand Jury, would:

    a. Direct non-U.S. ETHOS ASSET MANAGEMENT borrowers to send their upfront fees to an ASSETVEST CORP bank account in the United States.

    b. Direct Co-Conspirator 2 to invest the upfront fee in a portfolio of securities held in a brokerage account in the name of ASSETVEST CORP.

12

   c. Direct Co-Conspirator 2 to obtain a margin on the brokerage account, transmit the margin from accounts controlled by defendant ASSETVEST CORP to those controlled by defendant ETHOS ASSET MANAGEMENT.

   d. Promote to the public the appearance that defendant ASSETVEST CORP was acting as an independent custodian of collateral funds of customers of defendant ETHOS ASSET MANAGEMENT where ASSETVEST CORP was passing over such funds to ETHOS ASSET MANAGEMENT.

B. Overt Acts

35. The following overt acts in furtherance of the conspiracy, among others, were committed within the Southern District of California, and elsewhere:

   a. On or about May 3, 2021, and on behalf of a non-U.S. borrower, defendant ASSETVEST CORP transmitted $325,000.00 to defendant ETHOS ASSET MANAGEMENT's bank account at Wells Fargo that defendant CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos, opened in the Southern District of California.

   b. On or about May 12, 2021, and on behalf of a non-U.S. ETHOS ASSET MANAGEMENT borrower, ASSETVEST CORP transmitted $325,000.00 to ETHOS ASSET MANAGEMENT's bank account at Wells Fargo that CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos opened in the Southern District of California.

   c. On or about May 14, 2021, and on behalf of a non-U.S. ETHOS ASSET MANAGEMENT borrower, ASSETVEST CORP transmitted $975,000.00 to ETHOS ASSET MANAGEMENT's bank account at Wells Fargo that CARLOS MANUEL DA SILVA SANTOS opened in the Southern District of California.

1        d.  On or about June 22, 2021, and on behalf of a non-U.S. ETHOS ASSET MANAGEMENT borrower, ASSETVEST CORP transmitted $1,825,967.00 to ETHOS ASSET MANAGEMENT's bank account at Bank of America.

      e.  On or about August 18, 2021, and on behalf of a non-U.S. ETHOS ASSET MANAGEMENT borrower, ASSETVEST CORP transmitted $2,243,048.60 to ETHOS ASSET MANAGEMENT's bank account at Citibank.

      f.  Between April 2021 and December 2022, ASSETVEST CORP transmitted approximately $22,245,213.30 on behalf of non-U.S. borrowers to bank accounts controlled by defendant ETHOS ASSET MANAGEMENT.

      g.  On or about December 29, 2022, CARLOS MANUEL DA SILVA SANTOS, aka Carlos Santos used an ETHOS ASSET MANAGEMENT bank account to pay ASSETVEST CORP $200,000 for its unlicensed transmission of funds. All in violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 1960(a).

## Forfeiture Allegation

36.  The allegations contained in Counts 1 through 8 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

37.  Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371, 1343, 1344, and 1349 set forth in Counts 1 through 5 and 8 of this Superseding Indictment, defendants CARLOS MANUEL DA SILVA SANTOS, ELIAS ACHILLEOS, ETHOS ASSET MANAGEMENT, and ASSETVEST CORP shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C),

982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

    a. $4,048,690.76 in U.S. currency seized on or about September 29, 2023 from Bank of America;

    b. $1,990,213.35 in U.S. currency seized on or about September 28, 2023 from Comerica Bank;

    c. The domain www.ethosasset.com seized on November 20, 2023;

    d. All money, funds, and credits on deposit at Türkiye İş Bankasi A.Ş in the name of defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT;

    e. All money, funds, and credits on deposit at Banco BS2 SA, ITAU Unibanco, and Banco XP SA in the name of Ethos Capital Brasil Ltda.

    f. All money, funds, and credits on deposit at Caixa Economica Montepio Geral, Abanca Corporacion, and Caixa Geral de Depositos in the name of defendant CARLOS MANUEL DA SILVA SANTOS and IHNC Advisory;

    g. $2,611,997.81 in U.S. currency seized on or about December 15, 2023 from Flagstar Bank;

    h. All money, funds, and credits on deposit at East West Bank in the name of defendants CARLOS MANUEL DA SILVA SANTOS and ETHOS ASSET MANAGEMENT;

    i. All money, funds, and credits on deposit at Barlcays Bank plc in the Isle of Man in the name of C M Da Silva Santos.

38. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

```
                d. has been substantially diminished in value; or
                e. has been commingled with other property which cannot be
           divided without difficulty,
the United States of America shall be entitled to forfeiture of
substitute property pursuant to Title 21, United States Code,
Section 853(p), as incorporated by Title 28, United States Code,
Section 2461(c).
All pursuant to Title 18, United States Code, Sections 981(a)(1)(C),
982(a)(2), and Title 28, United States Code, Section 2461(c).
     DATED: March 28, 2024.
                                        A TRUE BILL

                                        [REDACTED]

TARA K. McGRATH
United States Attorney

By: _____
    E. CHRISTOPHER BEELER
    CARL F. BROOKER, IV
    Assistant U.S. Attorneys
```