Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
Brett T. Diehl (SBN 339686)
E: BDiehl@McKenzieScott.com
McKENZIE SCOTT, PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

*Attorneys for Defendant*
*Carlos Manuel Da Silva Santos*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-02507-RSH |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR BILL OF PARTICULARS AND FOR AN ORDER DIRECTING THE GOVERNMENT TO PROVIDE NOTICE UNDER FED. R. CRIM. P. 12(B)(4)(B)** |
| CARLOS MANUEL DA SILVA SANTOS (1), | |
| Defendant. | Hon. Robert S. Huie |

Mr. Santos is the founder and CEO of Ethos Asset Management (hereinafter "Ethos"), an international project finance corporation founded in 2018 with clients, contacts, and employees spread across the globe. The charges Mr. Santos faces are wide-ranging, not time-bound, and go right to the heart of Ethos. At a macro level, the government alleges that Ethos was a Ponzi scheme, with Mr. Santos and his co-conspirators claiming to use collateral pledged from clients for trading in financial instruments but instead using the capital solely to pay back other borrowers and enrich themselves. The government also alleges, at a more micro level, that

fraudulent documents and communications were used to induce prospective borrowers to enter into loan agreements with Ethos.

According to the superseding indictment, most, if not all, of Mr. Santos's and Ethos's actions are proof of one or more crimes. In presenting its case, the government is not restricted to presenting evidence related to the overt acts in the indictment. *See United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) ("The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment."). Accordingly, if this Court does not require the government to disclose the list of victim companies from which it intends to present evidence at trial, it will be difficult, if not impossible, for Mr. Santos's counsel to prepare adequately his defense.

## I. BACKGROUND

### A. The Charges Against Mr. Santos Are Broad and Not Time-Bound

Among the charges Mr. Santos faces are several that lack time parameters or specificity. The Conspiracy to Commit Wire Fraud count (Count 1) is from an unknown date unknown through the date of Mr. Santos's arrest, November 12, 2023, and encompasses a broad range of activity and potential victims. Superseding Indictment, ECF No. 29 at 3-4. The Bank Fraud count (Count 5) includes a nine-month period and does not specify the victims of the alleged crime. The Conspiracy to Operate an Unlicensed Money Transmission Business count (Count 8) encompasses twenty-one months and does not specify a list of victim corporations.

Together, these three counts implicate all or nearly all of the hundreds of corporations with which Ethos discussed potential financing deals over its five years of operation. In addition, the other charges alleged implicate various actors and actions.

### B. Mr. Santos's Case is Unique in Its Complexity

Ethos spanned six continents. Its model for sourcing customers relied on referrals from associates who were paid a commission if a loan agreement ultimately resulted from their introduction. Mr. Santos was in constant contact with colleagues, customers, and other contacts across the world. He travelled frequently for business meetings. Similarly, his alleged co-conspirators worked with Ethos's employees and customers to grow the business. Mr. Santos's and Ethos's communications and corporate documents alongside the government's investigatory trail has yielded a discovery database of over one million items totaling 1.2 terabytes.

The defense team's job is to wade through discovery in order to identify relevant documents, potential witnesses, and viable defenses. If the acts that will form the substance of the government's proof at trial are not specified now, defense counsel faces the Sisyphean undertaking of reviewing every interaction Ethos had with every potential financing customer. From there, the Ethos associates involved with each potential customer would have to be evaluated as potential witnesses. Such an approach would require an untold, and unfeasible, number of hours.

### C. Foreign Depositions and Letters Rogatory May Be Necessary

Most of Ethos's customers and employees are located outside of the United States. Ex. A ¶ 9. While Ethos was registered at a La Jolla, California address, Mr. Santos and his company operated across the world. Hundreds of companies discussed possible financing deals with Ethos. Accordingly, defense counsel has begun to evaluate witnesses whose testimony may have to be obtained under the provisions of Rule 15(c)(3). Similarly, preparation of letters rogatory may be necessary should Mr. Santos's defense require documents from foreign individuals or corporations. *See* 28 U.S.C. §§ 1781-1782 (granting U.S. courts the power to issue letters rogatory to foreign tribunals, officers, and agencies).

Mr. Santos and his defense team must soon decide what witnesses whose testimony cannot be secured at trial can "provide substantial proof of a material fact" and are necessary for his defense. FED. R. CRIM. P. 15(c)(3)(A). Without knowing the bounds of what specific criminal conduct will be alleged at trial, the possibilities for foreign deposition are overwhelming. Should a deposition be arranged overseas for every international Ethos employee who is unable to attend trial and played a role in arranging loan financing? Should letters rogatory be prepared for records of every foreign corporation with which Ethos discussed potential financing? Impossible questions are raised when faced with the government's unbounded ability to present at trial any document in discovery and any witness who somehow interacted with Mr. Santos or Ethos's associates throughout the international corporation's five years of operation.

### D. The Government Thus Far Has Refused to Limit Their Case-in-Chief

Defense counsel has requested, under Rule 12(b)(4)(B), with an eye towards identifying necessary foreign depositions, and, more generally, in hopes of streamlining preparations for trial, that the government specify a limited universe of actions and documents that they plan to present at trial. Thus far, the government has been unwilling to do so.

### II. THE COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS TO IDENTIFY THE SPECIFIC COMPANIES AND INDIVIDUALS THAT WILL BE THE SUBJECT OF PROOF DURING THE GOVERNMENT'S CASE-IN-CHIEF

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." "A bill of particulars has three purposes: to apprise the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." *United States v. Burt*, 765 F.2d 1364, 1367 (9th

Cir. 1985). A bill of particulars is "appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "The decision to require a bill of particulars is within a trial court's broad discretion." *United States v. Holmes*, No. 5:18-CR-00258-EJD, 2020 WL 666563, at *7 (N.D. Cal. Feb. 11, 2020).

Ordering a bill of particulars is especially necessary in cases in which the charges encompass a broad range of conduct and a large quantity of discovery has been turned over. "[A] bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge." *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998); *see also United States v. Clarkson Auto Elec., Inc.*, No. 10-CR-6111G, 2014 WL 3906324, at *3 (W.D.N.Y. Aug. 8, 2014) ("Bills of particulars may be warranted in document-heavy conspiracy cases involving charges of fraudulent conduct where the government has not identified the particular fraudulent transactions it seeks to prove."). The "[g]overnment [does] not fulfill its obligation [of providing adequate notice of the charges] merely by providing mountains of documents to defense counsel who [a]re left unguided as to which documents would be [relevant]." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987).

Mr. Santos's case is precisely the type of case for which a bill of particulars is necessary. Because discovery totals over one million items summing over one terabyte, the defense team needs direction as it prepares for Mr. Santos's January trial. The indictment's various conspiracy and broad-ranging counts bring into question the entirety of Ethos's model and operations. It is unreasonable to expect Mr. Santos and his defense counsel to divine what evidence the government might use in its case-in-chief. *See United States v. Rothenberg*, No. 20-CR-00266-JST-1, 2021 WL 6807581, at *3 (N.D. Cal. Dec. 6, 2021) ("To date, the Government has provided Rothenberg with more than 475,000 Bates-numbered pages or items,

including emails, business records, reports of witness interviews, and a hard drive containing ~300 GB of data from RVMC that was provided by a third-party to the SEC. Due to the complexity of this case . . . the Court finds it unreasonable to expect Rothenberg to try and identify unenumerated victims in this mountain of discovery.") (internal citations and quotation marks omitted); *United States v. Trumpower*, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008) ("Logic compels the conclusion that this alleged long-term scheme involved a great many persons, and an even greater number of transactions. In this mass of historical facts, there is no way for Trumpower to divine how the government intends to prove the specific criminal conduct that produced the criminal proceeds said to be the subject of the money laundering charges. Accordingly the Court orders that the government must file a supplemental bill of particulars.").

A bill of particulars is necessary to bring into focus the specific acts on which Mr. Santos's trial will focus. A bill of particulars will result in a fair trial with Mr. Santos appropriately "aid[ed] . . . in preparing for trial" and a defense team adequately prepared because of the "minimize[d] surprise." *Burt*, 765 F.2d at 1367. It is insufficient for the government to attempt to escape a bill of particulars by agreeing to limit itself to just presenting evidence regarding corporations that signed deals with Ethos; over fifty corporations have identified themselves as victims and preparing a defense regarding each of these corporations would be overburdensome on Mr. Santos and counterproductive to the Court's desire to ensure a fair trial. *See* Ex. A ¶ 7 (declaration of undersigned counsel listing these companies). The only fair way forward is via a bill of particulars.

### III. THE COURT SHOULD ALSO ORDER THE GOVERNMENT TO COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(4)(B)

Mr. Santos hereby requests that the Court order the prosecution to provide "notice of the government's intent to use (in its evidence-in-chief at trial) any

evidence that the defendant may be entitled to discover under Rule 16" under Fed. R. Crim. P. 12(b)(4)(B). "Compliance with a defense request under Rule 12(b)(4)(B) is mandatory and does not require any court action." *United States v. Aguilar*, No. CR 07-0030 SBA, 2007 WL 4219370, at *4 (N.D. Cal. Nov. 28, 2007). The Government's reference to the extensive discovery in this matter as a justification for not responding to the request for Fed. R. Crim. P. 12(b)(4)(B) notice has been soundly rejected. *See United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) (citing *United States v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994)); *United States v. Kelley*, 120 F.R.D. 103, 107 (E.D. Wis. 1988) ("To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement.[1] The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy [Rule 12(b)(4)(B)] because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.") (internal citations omitted); *United States v. Anderson*, 416 F. Supp. 2d 110, 113 (D.D.C. 2006) ("It is irrelevant under Rule 12 whether the government or its witnesses have reviewed or will "rely on" all of this material; unless the government intends to offer every single item in question as an exhibit in presenting its affirmative case at trial, any assertion that it will 'use all of the materials provided' is simply not credible.")

The Court should order strict compliance by the government with its obligations under Rule 12(b)(4)(B). For the government to simply point to the entirety of discovery and claim compliance is to render the rule useless. Rather, by requiring the government to identify the specific pieces of evidence upon which it

---

[1] At the time, the language of present-day Rule 12(b)(4) was listed in sub-section 12(d). Fed. R. Crim. P. 12, Advisory Committee Notes to 2002 Amendment sub-section 12(d).

intends to rely in its case-in-chief, this Court can streamline defense counsel's motions and preparations in the build up to trial.

## IV. CONCLUSION

If a bill of particulars and compliance with Rule 12(b)(4)(B) is ordered, Mr. Santos's trial preparations can concentrate specifically on the corporations and actions on which the prosecution's case-in-chief will focus. By contrast, if the accusations continue in their broad, unbounded form, defense counsel risk being constitutionally ineffective due to their unfulfillable obligation to investigate all of the virtually limitless accusations, witnesses, and documents that the government could potentially present at trial. Endless investigatory trails, requests for foreign depositions and documents, and potential motions loom absent the Court requiring the government to itemize the specific charges and acts that will be addressed at trial.

Accordingly, this Court should order the prosecution to prepare a bill of particulars and comply with its obligations under Rule 12(b)(4)(B).

Respectfully submitted,

McKENZIE SCOTT, PC

Dated: August 29, 2024          By:     *s/ Brett T. Diehl*
                                        MARCUS S. BOURASSA
                                        BRETT T. DIEHL
                                        TIMOTHY A. SCOTT
                                        *Attorneys for Defendant*
                                        *Carlos Manuel Da Silva Santos*