```
Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
Brett T. Diehl (SBN 339686)
E: BDiehl@McKenzieScott.com
McKENZIE SCOTT, PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

Attorneys for Defendant
Carlos Manuel Da Silva Santos
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CARLOS MANUEL DA SILVA SANTOS (1),<br><br>　　　Defendant. | Case No.: 3:23-cr-02507-RSH<br><br>**APPLICATION FOR 17(C) SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**[1] |

　　　Carlos Santos, by and through counsel, respectfully moves for an order allowing him to issue a subpoena *duces tecum* to Google LLC pursuant to Federal Rule of Criminal Procedure 17(c).

　　　Mr. Santos, pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, and Fed. R. Crim. P. 17(c) hereby makes this application for the issuance of a Rule 17(c) subpoena, requesting

---

[1] Mr. Santos requested to file this subpoena application and accompanying documents *ex parte*, under seal on November 8, 2024. On November 12, 2024, the Court rejected that request. This filing is made immediately thereafter.

-1-
17(C) SUBPOENA APPLICATION

that the Court order Google to disclose the records detailed in this motion's Attachment A.

## I.  BACKGROUND

Under the Superseding Indictment, Counts 6 and 7 charge Mr. Santos with aggravated identity theft. ECF No. 29 at 11-12. Both charges allege that Mr. Santos sent the forged signature of accountant Carly Thompson on financial statements that appeared to be audited by Hoffman & Associates for Ethos Asset Management ("Ethos"), the corporation he headed. In both instances, an email that appeared to come from ctho.hoffmantax@gmail.com was thereafter shared by Mr. Santos's email, carlos@ethosasset.com, to another party, specifically East West Bank (U.S. Financial Institution 1) and Edson Solar (Victim 3).

The email address, ctho.hoffmantax@gmail.com, appears to imitate Ms. Thompson's actual email address, c.t.hoffmantax@gmail.com. A review of messages held in carlos@ethosasset.com reveals that the fake email address, ctho.hoffmantax@gmail.com, only sent two emails to Mr. Santos, both on the afternoon of May 11, 2023. These emails are excerpted here:

First email:

**From:** Carly Thompson <ctho.hoffmantax@gmail.com>
**To:** "Carlos Santos" <carlos@ethosasset.com>
**Subject:** Financials
**Date:** Thu, 11 May 2023 14:28:04 +0000
**Importance:** Normal
**Attachments:** Financials_EAM_2022..pdf

Hi Carlos,
I signed off your financials.  Please see attached.

**Carly Thompson**
**Hoffman & Associates**
**San Diego, Ca 92123**
**Office: 858-576-1122**

Second email:

> **From:** Carly Thompson <ctho.hoffmantax@gmail.com>
> **To:** "Carlos Santos" <carlos@ethosasset.com>
> **Subject:** Financials
> **Date:** Thu, 11 May 2023 16:01:59 +0000
> **Importance:** Normal
> **Attachments:** Financials_EAM_2022..pdf
>
> ---
>
> Hi Carlos,
> Please see the Financials 2022 attached.
>
> **Carly Thompson**
> Hoffman & Associates
> San Diego, Ca 92123
> Office: 858-576-1122

Both emails contain the same attachment, an allegedly falsified 2022 financial statement for Ethos, with Ms. Thompson's allegedly forged signature attached.

For Count 6, carlos@ethosasset.com, just seconds after receiving the second email from ctho.hoffmantax@gmail.com ("Please see the Financials 2022 attached.") on May 11, 2023, sent an email to which was attached the email from ctho.hoffmantax@gmail.com (and the therein contained allegedly false financial statement with Ms. Thompson's signature) to Joe Han, a Vice President-Portfolio Manager at East West Bank.

For Count 7, on the same day, May 11, 2023, that carlos@ethosasset.com, received the two emails from ctho.hoffmantax@gmail.com with the attached 2022 Ethos financial statement with an allegedly forgery of Ms. Thompson's signature, a copy of the financials (in this instance as a stand-alone PDF) was sent to Ben Edson, the Chief Executive Officer of Edson Solar.

In an interview with the Homeland Security Investigations Special Agent Brian Holerud, Ms. Thompson confirmed "she has never used this email address," ctho.hoffmantax@gmail.com. She further confirmed that she has only ever used two email addresses for work, one of which is c.t.hoffmantax@gmail.com, which the ctho.hoffmantax@gmail.com appears to be attempting to spoof.

In sum, Counts 6 and 7 both revolve around an allegedly false financial statement with Ms. Thompson's fake signature. That financial statement arrived into the inbox of carlos@ethosasset.com from ctho.hoffmantax@gmail.com.

## II.     REASON FOR SUBPOENA DUCES TECUM

Federal Rule of Criminal Procedure 17 states, in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). "[A] party seeking production of materials under a Rule 17(c) subpoena must demonstrate to the court '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).[2]

As set forth in Attachment A, Mr. Santos seeks subscriber information and contemporaneous email communications related to the account which the Government contends Mr. Santos used to commit identity theft. The account details

---

[2] The Supreme Court in *Nixon* did not decide whether a different standard should apply when a criminal defendant applies for a 17(c) subpoena to a third party. *See United States v. Nixon,* 418 U.S. 683, 700 n. 12 (1974). Mr. Santos respectfully urges the Court to adopt the reasoning of district courts that have applied a more lenient standard to 17(c) subpoena requests issued by defendants to third parties – that the defendant must show that the request seeks documents "material to the defense" and is not "unduly oppressive." *See United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008); *see also United States v. Rajaratnam*, 753 F. Supp. 2d 317, 321 n.1 (S.D.N.Y. 2011) ("[I]t remains ironic that a defendant in a breach of contract case can call on the power of the courts to compel third-parties to produce any documents 'reasonably calculated to lead to the discovery of admissible evidence,' Fed. R. Civ. P. 26(b)(1), while a defendant on trial for his life or liberty does not even have the right to obtain documents 'material to his defense' from those same third-parties."). The requested subpoena meets the standard for issuance under *Nixon*, and therefore easily meet this more lenient standard.

and contemporaneous email communications of ctho.hoffmantax@gmail.com are critical details for Mr. Santos to prepare a defense to Counts 6 and 7 of the superseding indictment. Therefore, the request subpoena meets the standard for issuance under *Nixon*, 418 U.S. 683: the subpoena seeks a targeted set of documents that are relevant, admissible, and critical to Mr. Santos's defense.

Defense counsel anticipates the government will argue that Mr. Santos himself created the ctho.hoffmantax@gmail.com account. The best way for Mr. Santos to counter those claims is by examining the registration information and other messages sent contemporaneously from ctho.hoffmantax@gmail.com.

Subscriber information is a regularly kept business record of Google and would therefore be admissible to demonstrate who had dominion and control over the subject Gmail account. Similarly, Mr. Santos is not interested in offering emails to and from the subject account for their truth (whatever they may be), but rather for the non-hearsay purpose of demonstrating who had dominion and control over the account at the time the emails underlying Counts 6 and 7 were sent. Therefore, the records sought, as set forth in Attachment A here, are likely admissible at trial.

The minimal risk of exposing personal information via this subpoena is far outweighed by probative value of the requested records. Attachment A is narrowly tailored; it seeks only content subscriber information and emails from the days immediately surrounding the sending of the allegedly false financial statements. The indictment claims that Mr. Santos or an associate was behind the emails sent from the spoofed address, ctho.hoffmantax@gmail.com. Thus, the best way for Mr. Santos to rebut those arguments is to uncover who registered the account and what other messages, if any, were sent from the account.

The Court should further order Google to deliver the requested documents to the Court within twenty-one days of service with directions to provide the requested documents to defense counsel only.

| | |
|---|---|
| | Respectfully submitted, |
| | **McKENZIE SCOTT, PC** |
| Dated: November 12, 2024   By: | *s/Brett T. Diehl* <br> BRETT T. DIEHL <br> MARCUS S. BOURASSA <br> TIMOTHY A. SCOTT <br> Attorneys for Defendant <br> Carlos Manuel Da Silva Santos |