1   TARA K. McGRATH
    United States Attorney
2   E. CHRISTOPHER BEELER
    CA Bar. No. 330496
3   NY Bar No. 5422068
    CARL F. BROOKER IV
4   Washington D.C. Bar No. 1022908
    AMY B. WANG
5   California Bar No. 306459
    Assistant United States Attorneys
6   Federal Office Building
    880 Front Street, Room 6293
7   San Diego, California 92101
    Telephone: (619) 546-7748
8   Email: christopher.beeler@usdoj.gov
    Email: carl.brooker@usdoj.gov
9   Email: amy.wang@usdoj.gov
10
    Attorneys for United States of America
11

12                  UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES OF AMERICA,          Case No. 23-CR-2507-RSH

15              Plaintiff,

16      v.                             PLEA AGREEMENT

17  CARLOS MANUEL DA SILVA SANTOS,

18              Defendant.

19

20      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

21  through its counsel, TARA K. McGRATH, United States Attorney, E.

22  Christopher Beeler and Carl F. Brooker, IV, Assistant United States

23  Attorneys, and Defendant CARLOS MANUEL DA SILVA SANTOS, with the advice

24  and consent of Marcus S. Bourassa, Brett T. Diehl and Timothy A. Scott,

25  counsel for Defendant, as follows:

26

27

28

Plea Agreement                                    Def. Initials _____

# I
## THE PLEA

A. THE CHARGE

Defendant pleads guilty to Counts 1 and 8 of the Superseding Indictment, charging Defendant with wire fraud conspiracy, in violation of Title 18, United States Code, Sections 1349, and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A. After sentencing, the United States agrees to dismiss the remaining counts against Defendant and to not file additional criminal charges against Defendant for conduct known to the United States at the time Defendant pleads guilty provided that Defendant does not breach the plea agreement, forfeiture addendum, and restitution addendum, or the guilty plea entered pursuant to this plea agreement is not set aside for any reason. If Defendant breaches this agreement, the forfeiture addendum, the restitution addendum, or the guilty plea is set aside, Section XII below shall apply.

# II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

### Count 1 - Wire Fraud Conspiracy

1.   There was an agreement between two or more persons to commit at least one crime charged in the superseding indictment;

2.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3.   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

2

Def. Initials

## Counts 7 – Aggravated Identity Theft

1. Defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

2. Defendant knew that the means of identification belonged to a real person; and

3. Defendant did so during and in relation to violations of Title 18, United States Code, Section 1349.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea to Counts 1 and 7 of the Superseding Indictment. The following facts are true and undisputed for all relevant times in the Southern District of California and elsewhere:

1. Defendant Carlos Manuel Da Silva SANTOS was a citizen of Portugal and the founder and chief executive officer, of Ethos Asset Management, Inc. ("Ethos").

2. Ethos was a California corporation headquartered at 4660 La Jolla Village Drive, San Diego, California, which is in the Southern District of California. However, Ethos had a physical presence in multiple countries, including Turkey and Brazil, and SANTOS primarily operated out of Ethos's office in Istanbul, Turkey.

3. SANTOS and other co-conspirators held Ethos out to the public as a "Full-service Project Financing" company that offered loans to prospective borrowers who place collateral in the form of either (1) a collateral deposit into a securities account in an amount equal to a percentage of the total loan value; (2) a standby letter of credit in an amount equal to a percentage of the total loan value; or (3) a direct

Def. Initials

transfer of money in an amount equal to a percentage of the total loan value. Where a prospective borrower issued collateral, it would be used to secure Ethos' own credit lines.

4.   In some instances, SANTOS and his business associates entered into legitimate project financing agreements with clients in the United States and around the world, and disbursed money to those clients to finance projects.

5.   However, at other times SANTOS and his co-conspirators made materially false, fraudulent, misleading and deceptive representations to prospective borrowers in order to induce them to, among other things: (a) enter into a contractual agreement with Ethos to finance business projects; (b) pay Ethos an upfront fee in the form of a collateral "pledge" deposit or issuance of a standby letter of credit; (c) delay or refrain from terminating their relationship with Ethos when requested funding did not materialize; and (d) refrain from requesting the release of their collateral.

6.   The materially false, fraudulent, misleading, and deceptive representations made by SANTOS and others concerned, among other things: (a) the nature of Ethos' history of funding projects or ability to obtain financing; (b) the source of Ethos' funding; (c) the capital available to Ethos and SANTOS; and (d) the use of upfront fees.

7.   For instance, on multiple occasions SANTOS and his co-conspirators altered otherwise legitimate financial account statements to inflate the amount of money Ethos had at its disposal to finance projects for the purpose of luring prospective borrowers to provide collateral and financial institutions to lend Ethos money.

8.   Upon receipt of a fraudulently obtained collateral pledge

4

Def. Initials _____

deposits or lines of credit, SANTOS used the money to effectuate the
release of collateral pledges deposited by other borrowers, to disburse
loans to other borrowers, to engage in securities trading, to fund
personal and business expenses, or to issue commissions to his co-
conspirators.

9.  SANTOS utilized multiple U.S. and foreign bank accounts to
facilitate Ethos' scheme and used email to communicate with borrowers
that caused interstate wire communications.  SANTOS also sent and
received financial wires in and out of Ethos' U.S. based bank accounts
that caused an interstate wire communication.

10.  The following are representative overt acts in furtherance of
the wire fraud conspiracy:

     a. On or about August 9, 2021, SANTOS emailed a prospective
        borrower a bank statement falsely representing that Ethos
        had $100,304,447.46 deposited in an account at Citibank.

     b. On or about August 12, 2021, the fake bank statement sent
        by SANTOS on August 9, 2021 caused a victim to send a
        collateral pledge via an interstate wire to an account
        controlled by SANTOS. SANTOS and Ethos did not disburse
        money to this victim as promised.

     c. On or about October 22, 2022, SANTOS sent a years' worth
        of fraudulently altered bank statements to a U.S.
        financial institution. In reliance on this fake
        statement, the U.S. financial institution extended a line
        of credit to Ethos.

     d. On or about February 10, 2023, SANTOS emailed a U.S.
        based victim a copy of Ethos' 2020 and 2021 financial

Def. Initials

statements that falsely inflated Ethos' assets, income, and misrepresented that the financial statement had been audited by an accounting firm when in fact it was not. These false documents caused the U.S. based victim to send a collateral pledge via an interstate wire to a bank account controlled by SANTOS. SANTOS and Ethos did not disburse money to this victim as promised.

e. On or about May 11, 2023, SANTOS emailed a prospective borrower a copy of Ethos' 2022 annual financial statement reflecting falsely that Ethos had over $2.2 billion in total assets and that a bookkeeping and tax preparation company located in the Southern District of California had compiled it.

f. On or about May 11, 2023, SANTOS knowingly used a forged signature of C.T. — an employee at a bookkeeping and tax preparation company located in the Southern District of California — by affixing C.T.'s forged signature to Ethos's fabricated 2022 annual financial statement and sending it to a prospective borrower. The forged signature indicated that the annual financial statement had been audited when in fact it had not.

g. On or about May 18, 2023, the fake Ethos 2022 annual financial statement induced a victim to send a collateral pledge via interstate wire to an account controlled by SANTOS. SANTOS and Ethos did not disburse loans to this victim as promised.

h. On or about November 6, 2019, SANTOS opened an Ethos bank

6

Def. Initials

account at Wells Fargo Bank in Pacific Beach, California, located in the Southern District of California.

11. The scheme's use of fraudulently altered documents resulted in an actual loss to three U.S. based victims, who are identified in the financial addendum, of approximately $17,125,000.

### III
### PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

<u>Count 1</u>

A. a maximum 30 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of not more than 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. forfeiture to the United States of all property constituting or derived from proceeds of the offense and all property traceable to such property; and

F. mandatory restitution pursuant to Title 18, United States Code, Section 3663A to the victim(s) of the offense or to the estate of the victim(s).

<u>Count 6</u> 7

A. a mandatory 2 years in prison consecutive to the term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of not more than one year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part

Def. Initials

of the statutory maximum term of supervised release; and

E.   mandatory restitution pursuant to Title 18, United States Code, Section 3663A to the victim(s) of the offense or to the estate of the victim(s).

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea is a knowing and voluntary waiver of Defendant's right at trial to:

A.   Continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

G.   Any right and defense defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

H.   Assert now or on appeal, any legal, constitutional, statutory, regulatory, and procedural rights and defenses that he may have under any source of federal or common law, including among others, challenges to personal jurisdiction, extraterritoriality, statute of limitations, venue, and the form and substance of the Information, including specifically any claim of multiplicity or duplicity.

## V

8

Def. Initials 

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

9

Def. Initials _____

D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the

10

Def. Initials

sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

### Count 1 - Wire Fraud Conspiracy

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.1(a)(1)] | 7 |
| 2. | Value of Funds [§ 2B1.1(b)(1)(M)] | +20 |
| 3. | Sophisticated Means [§ 2B1.1(b)(10)] | +2 |
| 4. | Leadership Enhancement [§ 3B1.1(c)] | +2 |
| 5. | Acceptance of Responsibility [§ 3E1.1(a)] | -3 |

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.  Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

11

Def. Initials

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court, or probation officer;

4.    Breaches this plea agreement in any way; or

5.    Contests or assists any third party in contesting the forfeiture of property seized in connection with this case or agreed to be forfeited in the attached financial addendum.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The United States will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that Defendant be sentenced at the low-end of the advisory guideline range as calculated by the United States at sentencing. Defendant may recommend any sentence.

G.    SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be

12

Def. Initials

paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

     2.  <u>Fine</u>

In light of the substantial restitution, the United States will not recommend a fine.

     3.  <u>Forfeiture</u>

As outlined in the financial addendum, Defendant agrees that all property seized in this case will be applied towards restitution.

     4  <u>Restitution</u>

Restitution is outlined in the financial addendum.

H.  <u>SUPERVISED RELEASE</u>

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.[1] The only exceptions are (i) Defendant may appeal a total custodial sentence above 102 months; and (ii) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the United States may support on appeal the sentence, restitution, and forfeiture order actually imposed.

---

[1]  In exchange for this appellate waiver, the United States will recommend the equivalent of a two-point variance under the 18 U.S.C. § 3553(a) factors.

13

Def. Initials 

## XII
## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Failing to abide by any court order related to this case;

6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any

14

Def. Initials ___

1  statute of limitations relating to such charges is tolled indefinitely
2  as of the date all parties have signed this agreement; Defendant also
3  waives any double jeopardy defense to such charges). In addition, the
4  United States may move to set aside Defendant's guilty plea. Defendant
5  may not withdraw the guilty plea based on the United States's pursuit
6  of remedies for Defendant's breach.

7      Additionally, if Defendant breaches this plea agreement: (i) any
8  statements made by Defendant, under oath, at the guilty plea hearing
9  (before either a Magistrate Judge or a District Judge); (ii) the factual
10 basis statement in Section II.B in this agreement; and (iii) any evidence
11 derived from such statements, are admissible against Defendant in any
12 prosecution of, or any action against, Defendant. This includes the
13 prosecution of the charge(s) that is the subject of this plea agreement
14 or any charge(s) that the prosecution agreed to dismiss or not file as
15 part of this agreement, but later pursues because of a breach by the
16 Defendant. Additionally, Defendant knowingly, voluntarily, and
17 intelligently waives any argument that the statements and any evidence
18 derived from the statements should be suppressed, cannot be used by the
19 United States, or are inadmissible under the United States Constitution,
20 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
21 the Federal Rules of Criminal Procedure, and any other federal rule.

22                                **XIII**
                **INTERNATIONAL PRISONER TRANSFER PROGRAM**
23
24      If the defendant is eligible and applies to transfer his sentence
25 pursuant to the international prisoner transfer program, the United
   Stats Attorney's Office for the Southern District of California agrees
26 to support the defendant's transfer application. Defendant acknowledges
27 and understands, however, that the transfer decision rests in the sole
28

                                  15

                                            Def. Initials _____

discretion of the Office of International Affairs (OIA) of the Criminal Division of the United States Department of Justice and that the position of the United States Attorney's Office for the Southern District of California is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

## XIV
## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//

16

Def. Initials

## XVI
## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. McGRATH
United States Attorney

Jan. 28, 2025

DATED

E. CHRISTOPHER BEELER
CARL F. BROOKER IV
AMY B. WANG
Assistant United States Attorneys

DATED

MARCUS S. BOURASSA
BRETT T. DIEHL
TIMOTHY A. SCOTT
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

28.1.2025

DATED

CARLOS MANUEL DA SILVA SANTOS
Defendant

/s/ Leah Bussell
Leah Bussell, Chief, Asset Recovery
Assistant United States Attorney

17

Def. Initials 

**United States v. Carlos Santos**, Case No. **23-CR-2507-RSH**

**FINANCIAL ADDENDUM**

1.    Defendant's conviction may include financial penalties such as a forfeiture, fine, and restitution.    This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

**A.    Forfeiture**

i.    As part of Defendant's guilty plea to Count 1 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant agrees to not file any claim or petition regarding the money seized in this case and identified in the Superseding Indictment, and that all money seized by the United States shall be used towards payment of restitution, including but not limited to the following property:

        a. $4,048,690.76 in U.S. currency seized on or about September 29, 2023, from Bank of America;

        b. $1,990,213.35 in U.S. currency seized on or about September 28, 2023, from Comerica Bank;

        c. $2,611,997.81 in U.S. currency seized on or about December 15, 2023, from Flagstar Bank;

        d. All money, funds, and credits on deposit or restrained at Barclays Bank plc in the Isle of Man in the name of C M Da Silva Santos.

ii.    Defendant agrees that if any of the property identified in paragraph A(i) is not applied to pay restitution, it shall be forfeited proceeds from the crime of conviction.

**B.    Restitution**

i.    The crime to which Defendant is pleading guilty requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victim(s) of the offense of conviction or the estate(s) of the victims(s).

18

Def. Initials

ii.     The parties agree that Restitution shall be paid to or on behalf of the following victims in the following amounts:

| | U.S. Victim | Amount |
|---|---|---|
| 1 | Sector Resources, Ltd. or Sector Capital Corporation | $8,250,000.00 |
| 2 | Delphi Studios One LLC | $7,300,000.00 |
| 3 | Terra Financing LLC | $1,625,000.00 |

iii.    Defendant agrees to the entry of an order of restitution in the full amount of the victim(s)' losses as determined by the Court pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(B), and 3664(f)(1)(A).

iv.     The parties agree to jointly move that the Court hold a restitution hearing within 90 days after sentencing. If, at the time of the restitution hearing, additional potential victims come forward seeking restitution, the United States is free to argue for additional restitution and defendant is free to oppose.

v.      Defendant agrees that the restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

**D.    ADDITIONAL TERMS**

i.      Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out and any restitution pursuant to this agreement, including any claim that the forfeiture or restitution constitutes an excessive fine or punishment under the United States Constitution.

19

Def. Initials

    ii.   The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2020 until the restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

    iii.   From the date this financial addendum is executed until the restitution or forfeiture judgment is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers <u>any</u> interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

    iv.  For restitution Defendant agrees and understands that the restitution is delinquent until paid in full. Until the restitution is paid in full, Defendant shall immediately notify in writing the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition within one week of any change.

    v.   Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

Def. Initials ___

vi. Defendant agrees that the restitution, fine, and any other monetary penalty imposed by the Court, will be entered into the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay the unpaid judgment amount.  Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement that the defendant be delinquent or past due.  Defendant waives all TOP notices, including notices of referral and entry into the TOP and of TOP offsets. Defendant waives all rights to contest the TOP offsets.  Defendant acknowledges that all judgment debts remain past due until paid in full and therefore, agrees that his debt will remain in the TOP until paid in full.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

21

Def. Initials 

1                                    ****

2        Defendant understands that the main plea agreement and this

3   financial addendum embody the entire plea agreement between the parties

4   and supersedes any other agreement, written or oral.

5

6                                    TARA K. McGRATH
                                     United States Attorney
7

8   Jan. 28, 2025
    _____
    DATED                            E. Christopher Beeler
9                                    Carl F. Brooker, IV
                                     Amy B. Wang
10                                   Assistant United States Attorneys

11

12  _____
    DATED
13                                   Marcus B. Bourassa
                                     Brett T. Diehl
14                                   Timothy A. Scott
                                     Counsel for Defendant

15

16  _____
    DATED
17                                   Carlos Manuel Da Silva Santos
                                     Defendant

18

19

20

21

22

23

24

25

26

27

28

                                     22

                                                      Def. Initials
