UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS MANUEL DA SILVA SANTOS (1),<br><br>Defendant. | Case No.: 23-cr-2507-RSH<br><br>**ORDER (1) SUSTAINING IN PART OBJECTIONS TO PRESENTENCE REPORT, AND (2) GRANTING MOTION TO CONTINUE SENTENCING DATE**<br><br>[ECF Nos. 128, 135] |

In this Order, the Court: (1) sustains in part Defendant's objections to the Presentence Report, ECF No. 135; and (2) grants Defendant's motion to continue the sentencing date, ECF No. 128.

## I.  BACKGROUND

On January 30, 2025, Defendant entered a guilty plea before U.S. Magistrate Judge Michael S. Berg to Counts One (wire fraud conspiracy) and Seven (aggravated identity theft) of the Superseding Indictment. ECF No. 119. The Court thereafter accepted the guilty plea. ECF No. 122.

On March 14, 2025, the U.S. Probation Office filed its Presentence Report ("PSR") in this matter. ECF No. 125.

On March 27, 2025, Defendant filed: (1) a motion for an order holding the government in breach of the plea agreement, based on statements made by the case agents and reported in the PSR, identifying an aggregate amount of losses of approximately $101 million, ECF No. 127, and (2) a motion to continue the sentencing date, convert the existing sentencing date into a hearing on the breach motion, and set a briefing schedule for that motion, ECF No. 128. In the latter motion, the defense expressed concern that it would need "to expend substantial resources and energy objecting to and disputing" the statements of the case agents. *Id.* at 2.

On April 1, 2025, the Court entered an order directing the government to respond to Defendant's breach motion by April 4, 2025, and deferring ruling on the motion to continue the sentencing date. ECF No. 129. On April 3, 2025, one of Defendant's attorneys filed a declaration in further support of the requested continuance, stating that the defense team cannot file effective objections to the PSR's $101 million loss calculation by the due date, because such a response "requires examining, in detail, its component parts—dozens of business relationships spanning years and nearly as many countries." ECF No. 133 ¶¶ 6, 7. Counsel stated that the defense team previously attempted "but did not come close to completing the herculean task of studying every business relationship comprising the supposed loss amount in the Presentence Report," and indeed "ceased the effort before receiving the Presentence Report." *Id.* ¶ 10.

On April 4, 2025, the government filed its response to Defendant's motion for breach. ECF No. 134. The government's brief argued that there was no breach, but also noted that the government did not object to a continuance of the sentencing date. *Id.* at 12.

The same day, Defendant filed various objections to the PSR. ECF No. 135. These objections include, among other things, objections to the PSR's recitation of the case agents' statements relating to the $101 in actual losses, and the PSR's use of those statements to calculate its recommendation as to the applicable U.S. Sentencing Guidelines.

//

## II. OBJECTIONS TO PRESENTENCE REPORT

In this Order, the Court addresses in advance of sentencing those defense objections that relate to the PSR's calculation of approximately $101 million on losses.[1] Defendant's objections do not undertake to analyze the components of this figure—which are not identified in the PSR—on a transaction-by-transaction basis. Instead, Defendant argues that "[i]t is the government's burden to prove loss," and that the government "cannot shift that burden to Mr. Santos by providing the Probation Department a figure and awaiting objection." ECF No. 135 at 2. Although the government's deadline to respond to the PSR objections has not yet passed, the Court concludes from the prosecutors' statements to Probation, ECF No. 125 ¶¶ 50-56, as well as the government's statements in its response to Defendant's breach motion, ECF No. 134 at 9, that the government will recommend at sentencing a guidelines calculation consistent with the plea agreement and will not oppose the objections at issue.

The Court agrees with Defendant. The government bears the burden of establishing the sentencing enhancement of loss amount at the time of sentencing. *United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007). The standard is proof by a preponderance of the evidence. *United States v. Lucas*, 101 F.4th 1158, 1162 (9th Cir. 2024). The case agents' statements as reported in the PSR do not shift that burden to Defendant. Those unsworn statements are of a summary nature, and do not disclose the underlying evidence. They are also, for purposes of the Court's analysis of losses here, vague. In the context of this case, "losses" may refer to sentencing enhancements under USSG § 2B1.1, to calculation of amounts owed for restitution, or more generally to losses in a colloquial or non-technical sense. Given the potential complexity in the loss calculations in a case of this nature, even

---

[1] The Court recognizes that it is unusual to address PSR objections in advance of sentencing. The Court does so here because the objections at issue—while of considerable importance, as well as of pressing concern to the defense team—are also readily resolvable and appear to be undisputed.

absent specific objections, the Court would decline to consider or rely upon the statements at issue.[2]

Accordingly, the Court **SUSTAINS** Defendant's objections to the following portions of the PSR, which the Court will neither consider nor rely upon in connection with the sentencing:

1. Paragraph 61 in its entirety, which reports the case agents' statements regarding the aggregate actual losses.

2. Those portions of the PSR that refer back to or rely on Paragraph 61, specifically:

    a. Paragraph 62 as to the clause, "though not a part of the $101,591.298 actual loss calculation."

    b. Paragraph 79 in its entirety.

    c. Paragraph 80 in its entirety.

    d. Paragraph 143 in its entirety.

    e. Paragraph 170, as to the phrase, "and the actual loss amount."

    f. Paragraph 177, as to the last sentence.

    g. Paragraph 181, as to the calculation "235 to 293 months," as well as the recommendations of "96 months" and "120 months."

    h. Paragraph 186, as to the calculation "235 to 293 months."

    i. Paragraph 187, as to the recommendations of "96 months" and "120 months."

    j. The sentencing summary chart, as to the specific offense characteristics relating to actual loss, as well as the calculated guideline range.

For the specific objections sustained above, neither the government nor Probation need respond further, except that in connection with addressing Defendant's other

---

[2] The Court does not find any fault with Probation in requesting or reporting the information at issue.

4

objections by way of a PSR Addendum, Probation shall also calculate the guidelines it deems applicable and its ultimate custodial sentencing recommendation.

This Order does not address Defendant's other objections, and does not grant any relief other than that specifically provided herein. The Court notes that it is sustaining Defendant's objections to those same portions of the PSR that Defendant contends reflect a breach of the plea agreement by the government. *See* ECF No. 127 at 13; ECF No. 132 (sealed exhibit to Defendant's breach motion identifying portions of Presentence Report). However, sustaining these objections is not dispositive of Defendant's pending breach motion, and this Order does not address the question of breach.

### III. MOTION TO CONTINUE SENTENCING DATE

Defendant's motion to continue the sentencing date, unopposed by the government, is **GRANTED**.

1. The sentencing date of April 18, 2025 is **VACATED**.
2. The Court will hear argument on Defendant's breach motion on **April 18, 2025 at 2:00 p.m.** No further briefing on that motion shall be filed absent leave of Court.
3. In the event the Court denies Defendant's breach motion at the hearing, or in the event the motion is otherwise resolved by the time of that hearing, the Court will hold a status hearing at the scheduled time to address future dates.
4. The government's responses to Defendant's PSR objections remain due on or before **April 11, 2025**.

//
//
//
//
//
//
//
//

5

5.  An addendum addressing Defendant's remaining objections is due from Probation on or before **April 18, 2025**, absent an extension.

**IT IS SO ORDERED.**

Dated: April 7, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge