# EXHIBIT C

Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
McKENZIE SCOTT, PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

*Attorneys for Defendant*
*Carlos Manuel Da Silva Santos*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-02507-RSH |
| Plaintiff, | |
| vs. | **DECLARATION OF JOSHUA TEEPLE** |
| CARLOS MANUEL DA SILVA SANTOS (1), | |
| Defendant. | Hon. Robert S. Huie |

I, Joshua Teeple, declare under penalty of perjury as follows:

<u>Background</u>

1. I am a Certified Public Accountant, Certified Information Technology Professional, Certified Fraud Examiner and am Certified in Financial Forensics. I have practiced in public accounting since 1997. During my career, I have testified as an expert witness for plaintiffs and defendants and have worked alongside law enforcement agencies. I serve as a fiduciary and have been a Court appointed receiver. I was previously a Director at Crowe Horwath LLP. I am the co-founder and Chief Executive Officer of Grobstein Teeple LLP ("GT"), a firm specialized in forensic accounting among other practice areas.

2. Since June 2024, my team and I have worked with Carlos Santos and his legal team to reconstruct banking activity related to his personal accounts and accounts controlled by Ethos Asset Management ("Ethos").

3. GT has analyzed banking records from the following accounts registered to Carlos Santos:
   a. Bank of America x1975
   b. Citibank x5407
   c. Citibank x5650
   d. East West Bank x0062
   e. Signature/Flagstar Bank x8299

4. GT has analyzed banking records from the following accounts registered to Ethos Asset Management:
   a. Bank of America x6269
   b. Bank of America x7377
   c. Chase Bank x5362
   d. Chase Bank x5519
   e. Citibank x1032
   f. Citibank x5083
   g. Citibank x5775
   h. East West Bank x6703
   i. Signature/Flagstar Bank x7896
   j. Signature/Flagstar Bank x8302
   k. Turkiye Bankasi x4994
   l. Turkiye Bankasi x5455
   m. Turkiye Bankasi x5469
   n. Turkiye Bankasi x9319
   o. Turkiye Bankasi x9360
   p. Turkiye Bankasi x9612

1      q. Wells Fargo Bank x9784

2  5. GT has analyzed banking records from the following accounts registered to Ethos Ticari Danismanlik:

    a. Turkiye Bankasi x4709
    b. Turkiye Bankasi x4491
    c. Turkiye Bankasi x4503
    d. Turkiye Bankasi x7865
    e. Turkiye Bankasi x7949
    f. Turkiye Bankasi x8351
    g. Turkiye Bankasi x9636
    h. Turkiye Bankasi x4491

6. From these bank records, my team and I have prepared a forensic reconstruction of Ethos's and Mr. Santos's banking transactions. Our reconstruction process includes an optical character recognition scanning process of all the transactions recorded on the bank statements to extract the transactional data into a database of those transactions, normalization of the extracted transactional data, and then analysis, categorization, and summarization of the transactions contained within our database.

7. We have not relied on Mr. Santos's or Ethos's internal record keeping or general ledgers. Our analysis is focused on third-party records received directly from banking institutions.

8. I have discussed the structure of Ethos and corporations with which Ethos transacted business with Mr. Santos and his legal team. I met with Mr. Santos and his counsel at the Metropolitan Correctional Center on August 13, 2024. During that meeting, I discussed banking transaction details with Mr. Santos. I have subsequently discussed details of Ethos's transactions with Mr. Santos's counsel.

9. In this case, I have been consulted for two previous filings. First, I filed a declaration for Mr. Santos's Appeal of Magistrate Judge's Detention Order dated August 28, 2024. Second, I coauthored a Rule 16 Notice of my anticipated testimony in Mr. Santos's trial dated November 7, 2024.

## Assumptions

10. I do not have an in-depth knowledge of the criminal case against Mr. Santos and Ethos. I have, however, discussed the case with Mr. Santos and his legal team.
11. I have not reviewed any documentation from Brazilian banks.
12. To my knowledge, with the exception of Brazilian banks, the accounts listed above in paragraphs four and five represent all of Ethos's corporate accounts.

## Brokerage Account Activity

13. GT does not have access to brokerage account statements for Ethos. Some of the transactions of certain Ethos bank accounts, however, appear to reflect investments and gains from investments.
14. Investment activity with positive returns appear to be recorded for Ethos's bank accounts in both the United States and Turkey.

## Expenses Align with Ethos's Purpose and Scale

15. Ethos's banking transactions show a company that appears to be engaged in the activities expected of an international project finance company, including making payments on secured loans, investing in financial instruments, and paying operating expenses.
16. The banking records GT has analyzed show Ethos receiving incoming lines of credit and equity payments. In turn, disbursements are made to accounts linked to corporate entities, employees, vendors, and other entities affiliated with Ethos's business.
17. Ethos's business expenditures appear to be consistent with what is expected for a company of its purpose and scale. Based on input obtained from Mr.

Santos and his legal team, GT has not identified direct evidence of Ethos devaluing or inappropriately utilizing corporate assets to benefit shareholders.

Respectfully submitted,

Dated: May 7, 2025   By: [signature]

JOSHUA TEEPLE, CPA|CFF, CFE, CITP